```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

JOYCE SMIDT and JONATHAN      }
SMIDT,                        }
                              }
     Plaintiffs,              }     CIVIL ACTION NO.
                              }     11-AR-4040-S
v.                            }
                              }
TACALA, LLC and DAVID THOMAS  }
ROEDING,                      }
                              }
     Defendants.              }
```

**MEMORANDUM OPINION**

The court has before it the timely motion by plaintiffs, Joyce and Jonathan Smidt ("the Smidts"), to reconsider this court's order of January 19, 2012, and to reinstate the Smidts' action as against defendant, David Thomas Roeding ("Roeding"). Doc. 9. For the reasons that follow, the motion will be granted and the action will be reinstated against Roeding.

The Smidts filed their complaint in this court on November 30, 2011, invoking jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming diversity of citizenship and that their claim is for more than $75,000.00. The complaint was contradictory. It alleged that while the Smidts are residents of the State of Alabama, only one defendant, Roeding, is not an Alabama resident. The other defendant, Tacala, LLC ("Tacala"), enjoys the same state of residence as the plaintiffs. On motion to dismiss filed by Roeding and Tacala, this court dismissed the entire action without prejudice for lack of subject-matter jurisdiction. The requisite

**complete** diversity of citizenship was absent.

In their motion to reconsider and request to reinstate, the Smidts argue that the court's dismissal, even though without prejudice, effectively served to wipe out their claims against both Tacala and Roeding, who is diverse, because the statute of limitations has now run on all of plaintiffs' claims.  The Smidts ask the court to reinstate their claims as against the diverse defendant, Roeding, and to allow them to amend their complaint accordingly.

The Smidts allege that while Roeding, who is Tacala's employee, was driving a vehicle owned by Tacala, he collided with Joyce Smidt's vehicle, causing her injury.  The complaint contains three counts: I) negligence and wantonness against both Tacala and Roeding; II) negligent entrustment against Tacala; and III) a derivative claim for Jonathan Smidt's loss of consortium because of injury to his wife.  The Smidts seek to reinstate counts I and III against Roeding, and to withdraw count II which is directed solely at Tacala.

In their response to the Smidts' motion, Tacala and Roeding strangely argue that to allow the Smidts to reinstate counts I and III against Roeding would allow the Smidts to continue to make claims against Tacala, even though the court does not have jurisdiction over the Tacala claims.  Tacala and Roeding point out that the claims in counts I and III are directed at both Roeding

and Tacala, **plural**, that there are no specific allegations as to Roeding individually, so that because the Smidts assert joint and several liability, one defendant cannot be eliminated without the other. They are "joined at the hip." Contrary to such assertions, the complaint does include specific allegations against Roeding individually, i.e., that he caused the collision. The complaint actually requests a judgment against "all named Defendants, **separately** and severally." *Respondeat superior* liability of a principal depends upon proving the liability of the agent, but the principal is not a necessary party in an action brought only against the agent.

When this court dismissed this action, it was unaware that Alabama, unlike many other states, does not have a so-called "savings statute," which allows a plaintiff to bring a new action in state court, after the running of the applicable limitations period, when the effort to bring the original action in federal court fails other than on its merits.[1] Neither party has discussed

---

[1] Although the general rule is that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim, the applicable statute of limitations may toll if a "savings statute" exists which provides for the filing of a second action within a specified amount of time after the initial case is dismissed, even if the statute of limitations would have otherwise expired. *See* 54 C.J.S. LIMITATIONS ON ACTIONS § 347. *See also Royal-Globe Ins. Cos. v. Hauck Mfg. Co.,* 335 A.2d 460, 462 (Pa. 1975) (holding that if a timely filed action is dismissed after the limitations period measured from the accrual of the claim, has run, a new action on the same claim is time barred unless a limitations savings statute provides otherwise) (adopting the

this intriguing question.  On January 19, 2012, the court was unaware that no such statute exists in Alabama.  This fact, ascertained by the court's independent research, and the Smidts being correct that because the court has subject-matter jurisdiction over the claims against Roeding and that unless the dismissal without prejudice is set aside they will lose their right to sue him, the Smidts' motion to reconsider is due to be granted. It will be done by separate order, and the case reinstated against the diverse defendant, Roeding.  Amendment of the complaint is implied.  Roeding will be called on to answer the complaint within fourteen (14) days.

   DONE this 10th day of February, 2012.

                                     _____
                                     WILLIAM M. ACKER, JR.
                                     UNITED STATES DISTRICT JUDGE

---

general rule of *Willard v. Wood,* 164 U.S. 502 (1896)).  More particularly, when an action filed in federal court fails for lack of subject matter jurisdiction, the prevailing view is that the applicable state's savings statute will operate to save the action and allow the plaintiff to commence a new suit within a specified time thereafter.  *See* 54 C.J.S. LIMITATIONS ON ACTIONS § 357.